| Case No. | **CV 17-00506 BRO (DTBx)** | Date | May 11, 2017 |
|---|---|---|---|
| Title | **ROBERT SERRANO ET AL. V. GARFIELD BEACH CVS, LLC ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

# ORDER RE MOTION TO REMAND [16]

## I. INTRODUCTION

Pending before the Court is Plaintiffs Robert Serrano,[1] Michael Carlson, Tyler Carlson, Matthew Carlson, and Tori Serrano's ("Plaintiffs") Motion to Remand. (*See* Dkt. No. 16 (hereinafter, "Mot." or "Motion").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Plaintiffs' Motion to Remand is **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiff Robert Serrano is the surviving spouse of decedent Tammy Serrano ("Decedent"). (*See* Dkt. No. 1-1 ("Superior Court Compl.") at 4.) Plaintiff Tori Serrano is Decedent's surviving daughter. (*See* Superior Court Compl. at 5.) Plaintiffs Michael Carlson, Tyler Carlson, and Matthew Carlson are Decedent's surviving sons. (Superior Court Compl. at 3.) Defendant Garfield Beach CVS, LLC[2] ("Defendant" or "CVS") is a

---

[1] Robert Serrano is proceeding individually and on behalf of the estate of Tammy Serrano. (*See* Superior Court Compl.)

[2] The parties agree that "Garfield Beach CVS, LLC" is the proper name of the intended defendant to this Action, although Plaintiffs erroneously sued CVS Pharmacy, Inc. (*See* Answer; Dkt. No. 22-9, Ex. H ("You will notice that the [New Complaint] now bears the correct name for Defendant CVS . . . .").)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00506 BRO (DTBx)** | Date | May 11, 2017 |
|---|---|---|---|
| Title | **ROBERT SERRANO ET AL. V. GARFIELD BEACH CVS, LLC ET AL.** | | |

limited liability company headquartered in Rhode Island, whose sole member is CVS Pharmacy, Inc., a Rhode Island corporation. (*See* Dkt. No. 1 ("Removal") ¶ 11.) In June 16, 2016, Decedent and her daughter Tori Serrano patronized a CVS Pharmacy store leased, occupied, and/or controlled by Defendant, located at 31771 Rancho California Road, Temecula, California. (Superior Court Compl. at 5.) While Decedent was standing in the checkout line, another customer, Brian Saylor, hit Decedent in the head with a whiskey bottle that he had taken from the store shelf. (*Id.*) Decedent lost consciousness and sustained other severe injuries from the blow. (*Id.*) She was transported to a nearby hospital, but never regained consciousness and ultimately died from her injuries three days later. (*Id.*)

### B. Procedural Background

Based upon the foregoing circumstances, Plaintiffs filed the instant Action in the Superior Court of California, County of Riverside ("Superior Court") on December 5, 2016. (*See* Superior Court Compl.) Plaintiffs' Superior Court Complaint[3] includes two causes of action: (1) General Negligence; and, (2) Premises Liability. (*See* Superior Court Compl.) Defendant answered Plaintiffs' Superior Court Complaint on or about January 12, 2017. (*See* Dkt. No. 1-2 ("Answer").)

On March 17, 2017, Defendant removed the Action to this Court, invoking the Court's diversity jurisdiction. (*See* Removal ¶ 11.) On April 14, 2017, Plaintiffs filed a complaint (the "New Complaint") on the docket, naming CVS and Brian Elden Saylor as defendants, and reasserting the same causes of action as in the Superior Court Complaint. (*See* Dkt. No. 12 ("New Compl.").) Also on April 14, 2017, Plaintiffs filed the instant Motion to Remand the Action to the Superior Court. (*See* Mot.) Defendant opposed

---

[3] The Superior Court Complaint is a form pleading. This Court's Standing Order reads, in relevant part:

> If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

(*See* Dkt. No. 10 ¶ 2.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00506 BRO (DTBx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | ROBERT SERRANO ET AL. V. GARFIELD BEACH CVS, LLC ET AL. | | |

Plaintiffs' Motion on April 24, 2017. (*See* Dkt. No. 22 (hereinafter, "Opp'n").) Lastly, on May 8, 2017, Plaintiffs untimely replied in support of their Motion. (Dkt. No. 23 ("Reply").)[4]

## III.  LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party, therefore, bears a heavy burden to rebut the presumption against removal. *See id.* "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

---

[4] In its discretion, the Court will consider Plaintiffs' Reply. However, the Court advises Plaintiffs that future failure to comply with deadlines may result in the late-filed documents being stricken or otherwise not considered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00506 BRO (DTBx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | ROBERT SERRANO ET AL. V. GARFIELD BEACH CVS, LLC ET AL. | | |

## IV. DISCUSSION

Plaintiffs seek an order remanding the Action to the Riverside Superior Court on the basis that this Court lacks subject matter jurisdiction because the diversity of citizenship requirement is not met. (*See* Mot. at 2.) Defendant responds that remand is inappropriate because Plaintiffs improperly filed an amended complaint, the New Complaint, and fraudulently joined Saylor as a defendant, such that the Court should not consider Saylor's citizenship for purposes of removal jurisdiction. (*See* Opp'n at 1–2.) For the following reasons, the Court finds that remand is inappropriate.

### A. Plaintiffs Improperly Attempted to Amend Their Operative Complaint

Plaintiffs explain that "pursuant to the Court's standing order regarding removed cases, Plaintiffs filed a new Complaint . . . for Damages and Request for Jury Trial . . . ." (*See* Mot. at 1.) However, while this Court's Standing Order requires parties to *conform* a form pleading to federal procedural standards, the Standing Order's requirement does not serve as a vehicle to amend the form pleading's substance or join parties. Thus, Plaintiffs' amendment was required to be effected in compliance with Federal Rule of Civil Procedure 15. Rule 15(a) provides as follows:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00506 BRO (DTBx)** | Date | May 11, 2017 |
|---|---|---|---|
| Title | **ROBERT SERRANO ET AL. V. GARFIELD BEACH CVS, LLC ET AL.** | | |

Plaintiffs filed the Superior Court Complaint on December 5, 2016. (*See* Superior Court Compl.) Defendant answered Plaintiffs' Superior Court Complaint on or about January 12, 2017. (*See* Answer.) Accordingly, Plaintiffs' right to amend their Superior Court Complaint as a matter of course elapsed twenty-one days after Defendant answered the Superior Court Complaint. *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs filed their New Complaint on April 14, 2017. (*See* New Compl.) Thus, at the time Plaintiffs filed their New Complaint under the guise of conforming the Superior Court Complaint pursuant to this Court's Standing Order, Plaintiffs were permitted amend their pleadings only "with the opposing party's written consent or the [C]ourt's leave." *See* Fed. R. Civ. P. 15(a)(2). As such, Plaintiffs' amendment of the Superior Court Complaint to join an additional defendant was improper under Rule 15(a)(2) because it was effected neither with leave of the Court nor per stipulation with Defendant CVS. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court **STRIKES** Plaintiffs' improperly-filed New Complaint. At this time, the Superior Court Complaint remains the operative complaint.

### B.  Removal Was Proper

#### 1.  The Parties Are Completely Diverse

As stated above, the Court has jurisdiction over this Action only if (1) it arises under federal law, or (2) the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Plaintiffs claim that the Court lacks jurisdiction and request that the Court remand the proceeding to the Riverside Superior Court. (*See* Mot.) Defendant contends that the Court has jurisdiction over this Action because "Plaintiff improperly filed an 'amended complaint,' without first filing a motion for leave to amend after defendant had already answered." (*See* Opp'n at 2.) CVS urges the Court not to consider the New Complaint "as the operative complaint in this case as it was improperly filed." (*Id*.)

The Court determines removability on the basis of the operative complaint at the time of removal. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)) (finding that "jurisdiction must be analyzed on the basis of pleading filed at the time of removal"); *Stelzer v. CarMax Auto Superstores Cal., LLC*, No. 13-CV-1788 BAS JMA, 2014 WL 3700269, at *2 (S.D. Cal. July 24, 2014)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00506 BRO (DTBx)** | Date | May 11, 2017 |
|---|---|---|---|
| Title | **ROBERT SERRANO ET AL. V. GARFIELD BEACH CVS, LLC ET AL.** | | |

("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."). For the foregoing reasons, the Court evaluates whether Defendant CVS's removal was proper based upon the Superior Court Complaint, the operative complaint at the time of removal. The Superior Court Complaint did not state any cause of action against Saylor. Accordingly, the Court will consider only CVS's and Plaintiffs' respective citizenships in determining whether removal was proper. The Court discusses the parties' respective citizenships in turn.

First, a natural person's state citizenship is determined by his state of domicile, not his state of residence. A person's domicile is his permanent home, where he resides with the intention to remain or to which she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 625 (2009) (citing *Lew*, 797 F.2d at 750).

In the Motion, Plaintiffs concede that Robert Serrano is a citizen of the State of California. (*See* Mot. at 2 ("[B]oth Plaintiff [Robert Serrano] and Saylor are citizens of California . . . ."); 3 ("[Neither] of the parties dispute that at least one plaintiff in this action is a citizen of the State of California.").) Mr. Serrano's residence in California, and Plaintiffs' representation that he "[a]t all times relevant to [the Action,] was a citizen of Riverside County, California[,]" (*see* Mot. at 2), is sufficient evidence of Mr. Serrano's California citizenship (absent any evidence/argument to suggest that Plaintiff is domiciled in any other state). Accordingly, the Court finds that Plaintiff Robert Serrano is a citizen of California for diversity jurisdiction purposes.[5]

---

[5] Furthermore, while the parties do not explicitly discuss the respective citizenships of plaintiffs Tori Serrano, Michael Carlson, Tyler Carlson, and Matthew Carlson, the Court considers Defendant CVS's evidence in the form of an email communication from Plaintiffs' counsel, Allison Worden, to Defendant's counsel, Marcia Cook. (*See* Dkt. No. 22-9, Ex. H.) In that email, Plaintiffs' counsel states: "Mr. Saylor is a resident of California. *As such*, complete diversity does not exist and the case should be remanded to State Court." (*Id*. (emphasis added).) The Court concludes based upon the parties' email communications, as well as Plaintiffs' reliance upon Defendant Saylor's California citizenship to

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00506 BRO (DTBx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | ROBERT SERRANO ET AL. V. GARFIELD BEACH CVS, LLC ET AL. | | |

Secondly, the citizenship of a limited liability company is the citizenship of the company's members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, CVS assumes the citizenship of its lone member, CVS Pharmacy, Inc., a Rhode Island corporation. Thus, the Court finds that CVS is a citizen of Rhode Island. Because Plaintiffs are completely diverse from Defendant CVS, the Court finds that the diversity of citizenship requirement is met.

### 2. The Amount in Controversy Exceeds $75,000

When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the evidence. *Id.* This requires that the defendant offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees. *Guglielmino*, 506 F.3d at 700. In considering whether the removing defendant has satisfied its burden, a court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Here, Defendant claims that the amount in controversy exceeds $75,000. (Removal ¶¶ 13, 14.) To support this claim, Defendant CVS points to Plaintiffs' "Statement[s] of Damages" attached as exhibits to the Superior Court Complaint. The Plaintiffs' respective Statements of Damages, (*see* Dkt. No. 22-5, Ex. D), demonstrate that Plaintiffs seek "more than $5,000,000.00 in combined special and general compensatory damages." (*See* Removal ¶ 14 (citing Removal, Ex. E).) Accordingly, the Court finds that the amount in controversy requirement is met.

---

establish grounds for removal, (*see* Mot. at 2), that Tori Serrano, Michael Carlson, and Matthew Carlson are not citizens of Rhode Island.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00506 BRO (DTBx) | Date | May 11, 2017 |
|---|---|---|---|
| Title | ROBERT SERRANO ET AL. V. GARFIELD BEACH CVS, LLC ET AL. | | |

## V.     CONCLUSION

For the foregoing reasons, the Court finds that Defendant properly removed this Action to the Central District of California.  Plaintiffs' improperly-filed New Complaint is hereby **STRICKEN**.  Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, the Court **DENIES** Plaintiffs' Motion to Remand.  The hearing currently scheduled for Monday, May 15, 2017, is hereby **VACATED**.  The Court advises Plaintiffs that any future amendment of the operative Superior Court Complaint (including joinder of parties) shall be effected in accordance with all applicable procedural rules.[6]

**IT IS SO ORDERED.**                                                                                          :

|  | Initials of Preparer | rf |
|---|---|---|

---

[6] The Court notes that it must "scrutinize [an] amendment more closely when the amendment will defeat diversity jurisdiction." *IBC Aviation Servs. Inc. v. Compania Mexicana de Aviacion*, *S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)).  When a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, "[28 U.S.C. §] 1447(e) provides the appropriate [legal] standard [ ], as opposed to that of [Federal Rule of Civil Procedure] 15(a)." *See Davis v. Tower Select Ins. Co.*, No. CIV S-12-1593 KJM, 2013 WL 127724, at *2 (E.D. Cal. Jan. 9, 2013); *see also Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).  After a case has been removed, if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the Court may deny the joinder. *See* 28 U.S.C. § 1447(e).